YAO CHEN, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 06–0767–ag.

United States Court of Appeals,
Second Circuit.

Aug. 3, 2007.

Liu Yu, New York, N.Y., for Petitioner.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yao Chen, a native and citizen of the People's Republic of China, seeks review of a January 24, 2006 order of the BIA affirming the September 30, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yao Chen*, No. A 77 341 687 (B.I.A. Jan. 24, 2006), *aff'g* No. A 77 341 687 (Immig. Ct. N.Y. City, Sept. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). This Court reviews questions of law and the application of law to fact *de novo*. *See Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir.2004).

■ Here, the IJ appropriately found that Chen did not establish that he had suffered past persecution. The IJ accurately noted that Chen testified only that the authorities went to his home to arrest him and his girlfriend in April 2000, destroyed his furniture, and confiscated some of his other possessions when they did not locate him. The IJ reasonably found that these events did not amount to past persecution. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive").

■ Further, Chen's arguments with respect to the IJ's finding that he failed to demonstrate a well-founded fear of future persecution, are unavailing. Chen failed to allege that the authorities had since

issued a warrant for his arrest, attempted to contact his girlfriend, or continued to search for him. On the contrary, Chen stated that "probably nothing" would happen to him if he returned to China, but that he would not be able to have a second or third child. The IJ reasonably found that this claim was "very speculative," in the light of the fact that Chen and his girlfriend had reached an age that would enable them to legally marry, and it would no longer be necessary for them to violate the family planning policy by having an illegitimate child. Thus, even if China's family planning policy is coercive, there is no evidence in the record to suggest that Chen, who has only one female child, is able to marry the child's mother, faces a risk of persecution that is anything but speculative. Additionally, because Chen has failed to sufficiently argue the IJ's resolution of his CAT claim, and because addressing this issue does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.